DETROIT CHAMBER OF COMMERCE *v.* SECRETARY OF STATE.

CORPORATIONS—CHAMBER OF COMMERCE—AMENDMENT OF ARTICLES OF ASSOCIATION.

> A chamber of commerce incorporated under Act No. 166, Pub. Acts 1863 (1 How. Stat. chap. 108), may amend its original articles of association, increasing its so-called "capital stock" to an amount not exceeding the limit fixed by Act No. 52, Pub. Acts 1893, in the manner prescribed by 1 How. Stat. § 4866, which is applicable to all corporations when no other provision is specially made.

*Mandamus* by the Detroit Chamber of Commerce to compel Washington Gardner, Secretary of State, to receive and file relator's amended articles of association. Submitted April 28, 1896. Writ granted June 30, 1896.

*Warner, Codd & Warner*, for relator.

*Fred A. Maynard*, Attorney General, for respondent.

MOORE, J. This is a hearing upon an order to show cause why a peremptory *mandamus* should not issue compelling respondent to receive and file the amended articles of association of relator, and to accept the franchise fee for the same.

The petition filed shows that the Detroit Chamber of Commerce is a body corporate, organized under the provisions of Act No. 166, Pub. Acts 1863, being also 1 How. Stat. chap. 108. Section 3 of that act reads as follows:

"Said corporation, by the name and style which shall be adopted, may receive and hold property and effects, real and personal, by gift, devise, or purchase, and dispose of the same by sale, lease, or otherwise, said property so held not to exceed at any time the sum of one hundred thousand dollars."

The organization thus effected was capitalized with stock in the sum of $100,000, the same being 1,000 shares at $100 each. In 1893, by Act No. 52, the legislature amended section 3, above quoted, by changing the words "one hundred thousand dollars" to "seven hundred and fifty thousand dollars." Desiring to increase the amount of so-called "capital stock" in order to meet outstanding liabilities, relator caused to be made amended articles of association, increasing the so-called "capital stock" to the sum of $225,000. These amended articles were transmitted to respondent, together with a franchise fee, as provided by Act No. 182, Pub. Acts 1891. Respondent refused to file the amended articles, and returned them, with the franchise fee, to relator.

Respondent answered the petition, and, concerning his refusal to file the amended articles, bases his action upon the following reasons: That the original articles of association are not on file in his office; that Act No. 166, Pub. Acts 1863, does not contemplate articles of association; that the corporation cannot have capital stock, and has no authority to issue certificates of stock; that Act No. 166, as amended, does not provide for the filing of amended articles of association with the secretary of state, nor confer upon him authority or power to file the same; that the authorization of capital stock and the issuance of certificates is antagonistic to the policy of the act in question; that the intent of the act is that corporations formed under it shall have members standing upon an equal basis, with equal interests, and equal benefits and advantages, which is impossible where the standing, interest, and advantage of members is regulated by the amount of stock held.

The relator contends: That the original association adopted by-laws by which any eligible person, by the payment of $100, and by a majority vote of the board of directors, should be admitted to membership. In addition to this, any member might purchase shares of stock, but no member, whether a stockholder or not, was entitled to more than one vote. That, desiring to increase

their capital stock, and finding no statute expressly authorizing the same, they made amended articles, under the general law applicable to "all corporations when no other provision is specially made," being section 4866, 1 How. Stat.  This section provides that any corporation amending its articles shall file the same with the secretary of state.  That the tender of the franchise fee was in accordance with the general law of corporations having a capital stock.  Relator further contends that they are authorized to hold "property," that the capital stock is property, and that there is nothing antagonistic between the original articles and the amended articles of association.

The only questions necessary for us to determine are: (1) Is the relator entitled to amend its original articles of association?  (2) Has it the right to do so in the manner prescribed by section 4866, 1 How. Stat.?  We think both questions should be answered in the affirmative.

The writ will issue as prayed, but without costs.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.